IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN RUFO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-CV-793-SMY |
| | ) |
| WALTER M. BRAUER III, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Kevin Rufo filed the instant breach of contract lawsuit against Defendant Walter Brauer III in the Circuit Court of Madison County, Illinois. Brauer removed the case to this Court (Doc. 1) and filed a motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction (Doc. 7). Plaintiff responded in opposition to the motion (Doc. 9). For the following reasons, Defendant's motion is **GRANTED**.

### Background

Plaintiff makes the following relevant allegations in the Complaint: On October 6, 2016, Plaintiff Kevin Rufo, an Illinois resident, began working for Freight Solutions, owned by Defendant Walter Brauer (Doc. 1-1, pp. 1–2). In February 2021, Brauer sold Freight Solutions to eShipping, LLC (Doc. 1-1, p. 3 ¶7). As part of the sale, Rufo was required to sign an employment agreement and a noncompete agreement with eShipping, LLC. (*Id.*). Under the agreements, Rufo would work for eShipping for four years, and if eShipping declined to renew Rufo's employment, Rufo would be prohibited from working in the same industry for 12 months (Doc. 1-1, pp. 7–12). Rufo signed the agreements with eShipping on February 1, 2021 (Doc. 1-1, p. 10).

Brauer urged Rufo to sign the agreements so Brauer could complete the sale and achieve financial success (Doc. 1-1, p. 3 ¶9). On January 29, 2021, Rufo and Brauer also entered into an

agreement under which Brauer would pay Rufo $207,000 in the event Rufo executed the two agreements with eShipping, provided that 1) Rufo gave Brauer written notice when the noncompete period commenced; and 2) Rufo's employment with eShipping was not terminated for cause or voluntarily by Rufo (*Id.*, p. 13).

On September 19, 2024, eShipping notified Rufo that his employment would not be renewed, and Rufo's employment ended on February 1, 2025 (Doc. 1-1, p. 4 ¶17). Since then, Rufo has been unable to work in the same industry due to the noncompete agreement (*Id.*, ¶18). All conditions outlined in the agreement with Brauer have been satisfied. Through Counsel, Rufo notified Brauer and requested payment under their agreement (*Id.*, ¶¶19–20). To date, Brauer has failed to issue payment (*Id.*, ¶22).

## **Discussion**[1]

Personal jurisdiction may be general or specific. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 358–59 (2021). In diversity cases, a district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Illinois' long-arm statute allows the exercise of jurisdiction to the full extent permitted under the Due Process Clause. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). As such, a district court sitting in Illinois must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)).

---

[1] Because both parties have submitted affidavits and no material facts are in dispute, the Court may rule on Defendant's motion absent an evidentiary hearing. *See Hyatt int'l Corp. v. Coco*, 302 F.3d 707, 712–13 (7th Cir. 2002).

Brauer argues that he resides in Florida and lacks the minimum contacts with Illinois necessary for the Court to exercise personal jurisdiction over him.[2] Rufo argues that this Court can exercise specific personal jurisdiction over Brauer because Brauer formed an agreement with him – an Illinois resident.

"Personal jurisdiction in breach-of-contract actions often turns on whether the defendant '"purposefully availed"' himself . . . in a transaction in the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). In determining whether a contractual relationship between the parties was sufficient to establish personal jurisdiction over a defendant, the court considers: "(1) who initiated the transaction; (2) where the contract was negotiated; (3) where the contract was executed; and (4) where performance under the contract was to take place." *Coalsales II, LLC v. Gulf Power Co.*, No. 06-cv-488-DRH, 2007 WL 612252, at *3 (S.D. Ill. Feb. 23, 2007) (Citing *ideal Ins. Agency, Inc. v. Shipyard Marine, Inc.*, 572 N.E.2d 353 (Ill. App. Ct. 1991)).

There is no dispute Brauer initiated the contract with Rufo. But the Court concludes that Brauer did not avail himself in a transaction in Illinois. While Rufo maintains that negotiations for the agreement occurred in part while he was at his Illinois residence via email and text messages (Doc. 9, p. 5), the fact that Rufo was physically present in Illinois during certain communications is not dispositive. The relevant inquiry is whether "the defendant has purposefully directed his activities at [Illinois]," not merely at an individual who happened to be there. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019); see also *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 493 (7th Cir. 2014) ("'contracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts'"). The parties negotiated the agreement to facilitate

---

[2] Before January 2021, Brauer was a resident of the State of Missouri (Doc. 8-1, p. 2 ¶16).

the sale of Brauer's business to eShipping in Missouri (Doc.8-1, p. 2 ¶11), and Brauer's conduct was aimed at Rufo in his capacity as a Missouri-based employee.

It is also undisputed that the parties executed the contract at Freight Solution's office in St. Ann, Missouri (Doc. 8-1, p. 2 ¶10).  And the performance contemplated by the contract, namely Rufo's employment, was to be carried out in Missouri for eShipping, a Missouri-based company, which also triggered the noncompete obligation by the termination of his Missouri employment. Rufo's act of providing noncompete notice from Illinois is insufficient to establish jurisdiction, as "unilateral activity" by the plaintiff does not confer personal jurisdiction over a nonresident defendant.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478–79 (1985); *In re Sheehan*, 48 F.4th 513, 525 (7th Cir. 2022).

## Conclusion

For the foregoing reasons, Defendant's motions to dismiss (Doc. 7) is **GRANTED**.

**IT IS SO ORDERED.**
**DATE: July 14, 2025**

**STACI M. YANDLE**
**United States District Judge**